# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. SMITH,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent.*

2:14-cv-00762-JCM-CWH

ORDER

This habeas action comes before the court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

Under LSR 3-1 of the local rules, petitioner must file the petition on the court's required § 2254 petition form. In the present case, petitioner used what appears to be a partial homemade facsimile of the form along with pages from apparently state court filings. Petitioner must use the required form in its entirety to state his claims in their entirety. He further must respond to all inquiries in the petition form, including, in particular for this case, the inquiry regarding when his sentences expire or expired.

The instructions on the petition form additionally require that petitioner attach copies of all state court decisions regarding the conviction and sentence. Petitioner did not attach copies of any such decisions.

Moreover, petitioner did not name a proper respondent. Petitioner may not bring a civil action in federal court directly against the state because of the state sovereign immunity recognized by the eleventh amendment, regardless of the relief sought. *E.g., Pennhurst*

*State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). The court does not have jurisdiction to proceed unless petitioner names a proper respondent. The court expresses no opinion as to the proper respondent in this particular context given that, *inter alia*, the status of petitioner's sentences is not clear from the petition filed. See 1976 Advisory Committee Notes to Rule 2(b) of the Rules Governing Section 2254 Cases.

IT THEREFORE IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner shall file an amended petition on the court's required § 2254 petition form and naming a proper respondent.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:14-cv-00762-JCM-CWH**, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the court.

IT FURTHER IS ORDERED that petitioner shall attach with the amended petition copies of all written state court decisions regarding his conviction and sentence.

The clerk of court shall send petitioner two copies of a noncapital § 2254 petition form with one copy of the instructions for the form along with a copy of the original petition that he submitted.

This action will be dismissed without further advance notice if petitioner fails to both fully and timely comply with this order.

DATED: May 16, 2014.

_____
JAMES C. MAHAN
United States District Judge