# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. SMITH,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent.*

2:14-cv-00762-JCM-CWH

ORDER

    This habeas action comes before the court for initial review of the amended petition as well as on petitioner's two motions (## 2 & 4) for appointment of counsel and motion (#5) for extension of time.

    The motions for appointment of counsel will be denied.

    The sixth amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

    At the very outset, petitioner, who is out of physical custody, has not established that he is financially eligible for appointment of counsel under § 3006A(a)(2)(B). Petitioner has

not applied for and been granted pauper status, and he has made no factually-supported showing that he is unable to afford counsel.

The court in any event does not find that the interests of justice require the appointment of counsel. Plaintiff maintains that counsel should be appointed because he is not trained in the law. However, again, there is no constitutional right to counsel in federal habeas proceedings, and the petitions generally are pursued *pro se*. From a review of the pleadings tendered, petitioner has demonstrated an adequate ability to articulate his position in proper person. The comparatively short aggregate sentencing structure, consisting primarily of two consecutive 16 to 72 month sentences imposed on March 12, 2008, with 58 days time-served credit, otherwise does not weigh heavily in favor of appointing counsel.[1]

The motion for a thirty day extension to file a second amended petition will be granted, but with the following caveat. Petitioner at all times remains responsible for calculating the running of all applicable limitation periods and filing timely claims. It appears from a preliminary review that there is a substantial question as to whether the original petition was timely. Nothing in any of this court's orders herein has, does, or will operate to extend the federal limitation period as to any claim. Thus, while the court will grant petitioner's request for a thirty day extension to file a second amended petition, it makes absolutely no implied representation to petitioner that either the current claims before the court or any claims added in an amended petition are or will be timely.

The court otherwise will direct service of the matter for a response limited to the issue of custody for purposes of habeas jurisdiction, pursuant to the remaining provisions herein.

---

[1] Petitioner may wish to note the legal library resources available to proper person litigants in the Las Vegas area. The Clark County Law Library is located at 309 South Third St., Suite #400, Las Vegas, Nevada; and the telephone number is 702-455-4696. The library's normal hours are 8 a.m. to 5 p.m. on Monday through Friday, and 10 a.m. to 5 p.m. on Saturday. The library is closed Sundays and holidays. The library offers access to computer assisted legal research. The Boyd Law School's law library is located on UNLV's Maryland Parkway campus; and the telephone number is 702-895-2400. The library's hours vary depending upon class session and holidays. On the web, see:

http://www.clarkcountynv.gov/LawLibrary
http://law.unlv.edu/law-library/home.html

IT THEREFORE IS ORDERED that petitioner's motions (## 2 & 4) for appointment of counsel are DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#5) for an extension of time is GRANTED, subject to the caveat stated on page 2 of this order, such that petitioner shall have **thirty (30) days** from entry of this order within which to file a second amended petition. Given that petitioner no longer is in physical custody, the prison mailbox rule does not apply to determine the timeliness of his filings. He therefore must file his papers by the applicable deadline.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the words "SECOND AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:14-cv-00762-JCM-CWH**, above the words "SECOND AMENDED." Under LR 15-1 of the local rules, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the court. If petitioner does not file an amending pleading within the deadline, the matter will proceed forward only on the current pleadings.

IT FURTHER IS ORDERED that the clerk shall informally electronically serve the state attorney general with a copy of this order along with regenerated notices of electronic filing of the remaining filings herein.

IT FURTHER IS ORDERED that respondents shall have **thirty (30) days** from entry of this order to file a response limited to the issue of federal habeas jurisdiction with either: (a) a motion to dismiss for lack of jurisdiction, with a supporting declaration, if petitioner's sentences had fully expired prior to the May 15, 2014, actual filing date of this action, with petitioner not then being in physical custody for application of the prison mailbox rule to determine a different constructive filing date; or (b) a notice of filing accompanied by a declaration by an appropriate state officer setting forth the relevant status of petitioner's

1 sentences as of that date if it appears that the sentences were not all fully expired at that
2 time.  No further response by respondents otherwise is required until further order of the
3 court, and no waiver of defenses will result from respondents providing the limited response
4 directed by this order.  The court will screen the second amended petition and consider
5 respondents' limited response prior to ordering any further action in the case.  However, if
6 respondents file a motion to dismiss, petitioner must respond to the motion within **thirty (30)**
7 **days** of service of the motion.

8       IT IS FURTHER ORDERED that, after respondents' counsel enters a notice of
9 appearance, petitioner shall send a copy of each paper presented thereafter to the court to
10 the individual attorney listed in the notice of appearance and shall attach a certificate of such
11 service to each such paper presented.  Moreover, all requests for relief presented herein must
12 be presented by motion rather than letter.  Neither the court nor the clerk respond to or take
13 action based upon letters.

14       IT IS FURTHER ORDERED that the State of Nevada, which is not carried forward in
15 the first amended petition, shall be DISMISSED as a respondent.

16       The clerk shall send petitioner two copies of a noncapital § 2254 petition form with one
17 copy of the instructions for the form along with a copy of the first amended petition.

18       DATED:   June 18, 2014.

_____
JAMES C. MAHAN
United States District Judge

-4-