1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL J. SMITH,

    *Petitioner*,

vs.

CATHERINE CORTEZ-MASTO,

    *Respondent.*

2:14-cv-00762-JCM-CWH

ORDER

This habeas action comes before the court on: (a) respondents' motion (#9) to substitute party; (b) petitioner's motion (#10) to file an amended petition with additional pages; and (c) respondents' motion (#12) for leave to file a response late, as well as for consideration of the motion to dismiss tendered therewith, to which petitioner already has responded.

### *Pending Procedural Motions*

As an initial matter, the court notes that respondents' counsel has submitted a notice of substitution in a manner where the paper was filed as a motion (#9) to substitute. The filing of a notice instead as a motion that must be cleared off the electronic docketing system unnecessarily diverts the judges and staff of this court from other submissions. It is counsel's responsibility to instruct his staff in the proper manner of submitting filings, including selecting a proper description from the "drop down menu box" on CM/ECF for a particular filing. The court trusts that counsel will ensure that such a filing of a notice instead as a motion will not be repeated. The court will direct the clerk to clear the current filing as a pending motion.

Petitioner, in turn, is reminded that he must attach a certificate of service confirming that he has mailed a service copy of all papers submitted to the court to the individual attorney

1   named in the most recent notice of representation or substitution filed by respondents'
2   counsel.  Simply putting "cc: Catherine Cortez Masto, Attorney General, State of Nevada" at
3   the bottom of a paper does not suffice.  If petitioner does not comply with the court's orders
4   in this regard, it will strike the noncompliant filings.

5        The court will grant petitioner's motion (#10) to file an amended petition with additional
6   pages.  The filing of the pleading does not necessarily reflect that the pleading is free of
7   deficiencies.  The court does not reach any further issues with regard to the claims and
8   pleadings presented following upon its disposition herein, discussed *infra*.

9        On respondents' motion (#12) for leave to file a response late, it appears that counsel
10   prepared and served the motion to dismiss – to which petitioner has responded – but the
11   motion to dismiss was not actually filed into the record due to clerical error by counsel's staff.
12   The court will grant the motion for leave to actually file the motion to dismiss in the suit record.
13   Given that petitioner already has filed his opposition to the motion to dismiss, the court will
14   proceed to disposition of the motion on the papers on file.

15                              ***Motion to Dismiss***

16        Respondents move to dismiss the petition, as amended, for lack of jurisdiction because
17   petitioner's sentence fully expired prior to the filing of the original federal petition, such that
18   he was not in custody at the time that the petition was filed.  The motion follows upon the prior
19   scheduling order noting the possible presence of the jurisdictional issue.

20        Petitioner's sentence fully expired on July 4, 2012, and the federal petition was not filed
21   until May 15, 2014.[1]

22        The federal habeas statute gives district courts jurisdiction to entertain petitions
23   challenging a judgment of conviction only for persons who are "in custody" under the
24   conviction at the time that the petition is filed.  *See, e.g., Maleng v. Cook*, 490 U.S. 488,
25   490-91 (1989).  A habeas petitioner no longer is "in custody" under a judgment of conviction

26   _____

27        [1]Petitioner was not in physical custody, so the actual filing date controls without regard to a prison
    mailbox rule.  A difference between the filing date and a mailing date, if any, in any event is not material to the
28   jurisdictional issue in this case.

1   for purposes of federal habeas jurisdiction where the sentence imposed by the judgment has

2   fully expired prior to the filing of the federal petition. *See, e.g., Maleng*, 490 U.S. at 492; *De*

3   *Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

4        Petitioner's sentence on the challenged conviction expired nearly two years prior to the

5   filing of the original federal petition, and the court therefore does not have jurisdiction over the

6   petition.

7        In his opposition, petitioner does not dispute that his sentence fully expired prior to the

8   filing of the federal petition.  Petitioner's arguments in the response do not establish that the

9   court nonetheless has jurisdiction.

10       *First*, petitioner contends that: (a) he filed a state post-conviction petition on January

11   6, 2011; (b) he filed the state petition while he was out of physical custody but while on parole;

12   (c) under *Jones v. Cunningham*, 371 U.S. 236 (1963), an individual on parole is in custody;

13   (d) he could not file a federal petition until after all state court remedies had been exhausted;

14   and (e) he filed his federal petition within one year of the state supreme court's May 15, 2013,

15   order of affirmance of the denial of his state petition.

16       At the outset, petitioner's moving premise for this argument – that he could not file a

17   federal petition before his sentence expired on July 4, 2012 – is belied by the state court

18   procedural history.

19       Petitioner was convicted on March 17, 2008, and the state supreme court affirmed the

20   conviction on direct appeal on January 8, 2010, in No. 51104 in that court.[2]  Petitioner

21   exhausted federal claims on the direct appeal.  These exhausted federal claims included,

22   *inter alia*, claims that the trial court allowed petitioner to represent himself in error, a claim

23   under *Brady v. Maryland*, 373 U.S. 83 (1963), and a challenge to the sufficiency of the

24   evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979).  Petitioner could have filed a federal

25

26

27       [2]To the extent that the state court procedural history is not reflected by papers currently on file, the court takes judicial notice of procedural history details reflected by the online docket records of the state courts.  *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may

28   take judicial notice of matters of public record, including documents on file in federal or state courts).

petition at any point after his 2008 conviction, and he indisputably could have done so with exhausted federal claims after the affirmance of his conviction in 2010.  The law was clearly established that petitioner could have sought a stay to exhaust any additional federal claims being pursued on state post-conviction review.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Even if petitioner failed to establish good  cause for a *Rhines* stay, he nonetheless could have secured a stay under an alternate stay procedure requiring only that he dismiss the then still timely unexhausted claims without prejudice during the stay.  *See King*, *supra*.  He could have done so then with time still remaining in the federal limitation period to later refile the claims after exhaustion.

Petitioner's premise that he could not have filed a federal petition with exhausted claims before his sentence expired on July 4, 2012, therefore is erroneous.  He could have filed a federal petition with exhausted claims in 2010, well before his sentence expired.  He simply did not do so.

In any event, none of that matters anymore.  Petitioner must establish that he was in custody *when the federal petition in fact was filed*.  He was not.  If petitioner was not in custody when the federal petition was filed, the court does not have federal habeas jurisdiction over the action.  There is no equitable exception that creates habeas jurisdiction where none exists (and, as discussed above, petitioner could not satisfy such an exception even if it existed).  If a petitioner's sentence fully expired prior to the filing of the federal petition, the federal court simply does not have jurisdiction.[3]

---

[3]As a practical matter, that means that some convicted state criminal defendants with short duration sentences may not be able to effectively seek federal habeas relief with exhausted claims if their sentence fully expires before their state court direct appeal concludes.  There is no overarching federal constitutional requirement that a defendant serving a sentence necessarily must be able to seek federal habeas review of his conviction, no matter how short the sentence, without regard to the expiration date of his sentence and without instead exhausting state judicial remedies on a direct appeal.  As discussed in the text, however, the petitioner in this case in fact actually could have sought federal habeas relief with exhausted claims before his sentence expired.  He simply did not do so.

*Jones v. Cunningham* is inapposite.  *Jones* would have established the existence of federal habeas jurisdiction if petitioner had filed the *federal* petition while he was on parole.  The fact that he was on parole when he filed a prior *state* petition does not establish the presence of *federal* jurisdiction if he thereafter files his federal petition instead after his sentence expired.

1    *Second*, petitioner contends that he can seek a writ of *coram nobis* pursuant to the All

2    Writs Act, 28 U.S.C. § 1651, despite no longer being in custody.  A petition for a writ of *coram*

3    *nobis*, where it is available, may be brought only in the court that sentenced the petitioner, as

4    a continuation of the original criminal proceeding.  It is not a writ that is available in a civil

5    post-conviction proceeding brought in federal court to challenge a conviction or sentence

6    entered by a state court.  *See, e.g., Yasui v. United States*, 772 F.2d 1496, 1498-99 (9th Cir.

7    1985); *Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955).[4]  The All Writs Act otherwise

8    does not constitute an independent source of jurisdiction in and of itself.  *See, e.g., Syngenta*

9    *Crop Protection, Inc. v. Henson* 537 U.S. 28, 33 (2002).  There is no jurisdiction over this

10    action, whether as a habeas petition or instead as a petition for a writ of *coram nobis*.

11    Petitioner's arguments as to the merits, which he presents in connection with his *coram*

12    *nobis* argument, accordingly beg the question with regard to federal habeas jurisdiction.  The

13    court does not have jurisdiction in the first instance to address the merits.

14    Petitioner further maintains, also in connection with his *coram nobis* argument, that he

15    suffers alleged "legal consequences" from his conviction, including "job discrimination,

16    housing discrimination, relationship discrimination, and family trust issues."  The court is not

17    necessarily sanguine that such alleged collateral consequences would provide a basis for a

18    writ of *coram nobis* if and where otherwise possibly available.  Such consequences clearly do

19    not establish a basis for federal habeas jurisdiction.  *E.g., Maleng*, 490 U.S. at 492 ("once the

20    sentence imposed for a conviction has completely expired, the collateral consequences of

21    that conviction are not themselves sufficient to render an individual 'in custody' for the

22    purposes of a habeas attack upon it").[5]

23

24        [4]Petitioner relies upon the Second Circuit's opinion in *Foont v. United States*, 93 F.3d 76 (2d Cir.

25    1996).  However, *Foont* involved a petition for a writ of *coram nobis* filed by a petitioner convicted in federal court brought in the federal court in which the petitioner had been convicted.  *See United States v. Foont*, 901 F.Supp. 729, 730-31 (S.D.N.Y. 1995).  *Foont* therefore is consistent with the statement of the law in the text,

26    which is based upon established and controlling Ninth Circuit law.

27        [5]The *Maleng* decision was referring to legal collateral consequences including an "inability to vote, engage in certain businesses, hold public office, or serve as a juror."  490 U.S. at 491-92.  The court makes

28    no implied suggestion that petitioner's alleged collateral consequences necessarily are legally equivalent.

1  The petition, as amended, therefore will be dismissed without prejudice for lack of

2  jurisdiction over the subject matter.[6]

3  IT THEREFORE IS ORDERED that petitioner's motion (#10) to file an amended

4  petition with additional pages is GRANTED and that the clerk of court shall file the amended

5  petition and exhibits.

6  IT FURTHER IS ORDERED that respondents' motion (#9) to substitute attorney shall

7  be terminated by the clerk as a pending motion, as a notice of substitution was all that was

8  required to be filed by counsel.

9  IT FURTHER IS ORDERED that respondents' motion (#12) for leave to file a response

10  late is GRANTED and that the clerk shall file the motion to dismiss and attachments

11  submitted therewith.

12  IT FURTHER IS ORDERED that the clerk shall <u>not</u> issue a *Klingele* minute order in

13  connection with the motion because petitioner already has filed his opposition to the motion.

14  IT FURTHER IS ORDERED that the motion to dismiss is GRANTED and that the clerk

15  shall reflect the grant of the motion by this order.

16  IT FURTHER IS ORDERED that the petition, as amended, shall be DISMISSED

17  without prejudice for lack of jurisdiction over the subject matter.

18  / / / /

19  _____

20  [6]Petitioner suggests in his opposition that the original federal petition was timely because it was filed
within one year of the May 15, 2013, order of affirmance on state post-conviction review.  However, the one-
21  year limitation period begins to run under 28 U.S.C. § 2244(d)(1)(A) from the conclusion of direct review –
which refers to the conclusion of proceedings on *direct appeal*.  In petitioner's case, the state supreme court
22  denied his petition for rehearing on direct appeal on May 26, 2010.  The time period for seeking *certiorari*
review in the United States Supreme Court expired on August 24, 2010.  The federal limitation period began
23  running under § 2244(d)(1)(A) after the August 24, 2010, date, not after May 15, 2013.  Petitioner's timely
state post-conviction petition statutorily tolled the federal limitation period under 28 U.S.C. § 2244(d)(2), from
24  the January 6, 2011, filing date of the petition through the June 12, 2013, issuance of the remittitur.  Absent
other tolling or delayed accrual, 134 days elapsed in the limitation period prior to the filing of the state petition.
25  With only 231 days thus remaining after the issuance of the remittitur, the limitation period would expire on
January 29, 2014, absent other tolling or delayed accrual.  Petitioner did not file the federal petition until May
26  15, 2014, after the limitation period had expired on its face.

27  In all events, however, there is no subject matter jurisdiction over the petition.  *Arguendo* establishing
timeliness would not establish jurisdiction after petitioner's sentence fully expired prior to the filing of the
28  federal petition.

-6-

1    IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of
2  reason would not find the district court's dismissal of the petition, as amended, for lack of
3  jurisdiction over the subject matter to be debatable or incorrect, for the reasons discussed
4  herein.  It is undisputed that petitioner's sentence fully expired prior to the filing of the original
5  federal petition.  Petitioner's argument that he could not file a federal petition with exhausted
6  claims prior to the expiration of his sentence is belied by the relevant procedural history and
7  in all events begs the question.  If the sentence fully expired prior to the filing of the federal
8  petition, the court simply has no jurisdiction over the subject matter.   On petitioner's
9  alternative argument, a petition for a writ of *coram nobis* is not available in federal court to
10 challenge a state court conviction, under long-established Ninth Circuit precedent.

11    The clerk of court shall enter final judgment accordingly, dismissing this action without
12 prejudice for lack of jurisdiction over the subject matter.

13    DATED:  August 1, 2014.

JAMES C. MAHAN
United States District Judge

-7-